UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-156 |
| | ) | |
| DAVID LANDSMAN, | ) | (PHILLIPS/SHIRLEY) |
| MATTHEW JOHNSON, | ) | |
| ROGER TEFETELLER, and | ) | |
| DANIEL HILL, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. The parties appeared before the undersigned on May 19, 2011, for a scheduled pretrial conference and motion hearing on Defendant Hill's Motion to Continue the Defendant's Pretrial Motion Deadline and Trial Date [Doc. 82]; Motion by Defendant Roger Tefeteller to Extend Pretrial Motion Deadline and Trial Date [Doc. 83]; defense counsel's Motion to Withdraw as Counsel [Doc. 86]; and Defendant Landsman Motion to Adopt Motion by Defendant Roger Tefeteller to Extend Pretrial Motion Deadline and Trial Date [Doc. 88]. Assistant United States Attorney Tracy L. Stone appeared on behalf of the Government. Attorney Eric M. Lutton was present, along with the Defendant David Landsman. Attorney R. Alexander Brown was present, along with Defendant Matthew Johnson. Attorney Stephen G. McGrath was present, along with Defendant Roger Tefeteller. Attorney Bradley L. Henry was present, along with Defendant Daniel

1

Hill.

The Court first addressed Attorney Henry's Motion to Withdraw as Counsel [Doc. 86]. In his motion, Attorney Henry requests that the Court appoint substitute counsel for Defendant Hill because he has an ethical conflict. At the hearing, Attorney Henry informed the Court that an actual conflict was present based on Attorney A. Phillip Lomonaco's representation of a defendant in state court regarding a substantially related matter. Attorney Henry stated that such a conflict was imputed to him because he worked in Attorney Lomonaco's firm. The Government agreed that an actual conflict existed with Attorney Henry's representation of Defendant Hill. Defendant Hill confirmed that he had no objection to Attorney Henry's withdrawal and the appointment of new counsel.

The Sixth Amendment right to counsel encompasses the right to have an attorney who does not have a conflict arising from simultaneous representation of clients with conflicting interests. See Glasser v. United States, 315 U.S. 60, 70 (1942), superseded by stat. on other gnds as rec. in Bourjaily v. U.S., 483 U.S. 171, 172 (1987). Although the Court "must recognize a presumption in favor of [the defendant's] counsel of choice, . . . that presumption may be overcome not only by a demonstration of actual conflict but by a showing of a serious potential for conflict." Wheat v. United States, 486 U.S. 153, 160 (1988). "'[W]hen a trial court becomes aware of a potential conflict of interest, it is obligated to pursue the matter even if counsel does not.'" United States v. Straughter, 950 F.2d 1223, 1233 (6th Cir. 1991) (quoting United States v. Krebs, 788 F.2d 1166, 1172 (6th Cir. 1986)). Indeed, a court may conclude disqualification is necessary even if the defendant offers to waive the conflict because of its independent interest in assuring the ethical standards of the profession and the appearance of fairness to those observing legal proceedings.

Wheat, 486 U.S. at 160.

In light of the presence of an actual conflict, the Court finds that good cause exists to grant defense counsel's Motion to Withdraw as Counsel [**Doc. 86**], the same is **GRANTED**, and Attorney Henry is relieved as counsel of record for the Defendant. See Wilson v. Mintzes, 761 F.2d 275, 280 (6th Cir. 1985) (holding that a defendant seeking to substitute counsel must show good cause). The Court recognizes the need for the Defendant to be continuously represented by conflict-free counsel. Attorney Joseph Fanduzz was present at the hearing and agreed to accept representation of the Defendant. The Court **SUBSTITUTES** and **APPOINTS** Mr. Fanduzz under the Criminal Justice Act (CJA), 18 U.S.C. section 3006A, as counsel of record for the Defendant. Attorney Henry is directed to provide Mr. Fanduzz with the information he needs from the Defendant's file.

The Court next addressed Defendant Hill's Motion to Continue the Defendant's Pretrial Motion Deadline and Trial Date [Doc. 82] and Defendant Tefeteller's Motion to Extend Pretrial Motion Deadline and Trial Date [Doc. 83], which Landsman adopted [Doc. 88]. At the hearing, the Court heard from all the Defendants regarding a continuance of the trial date. Attorney McGrath first addressed the issue by stating that Defendant Tefeteller was requesting a continuance of the trial date in order to allow for additional time to engage in negotiations with the Government. Attorney McGrath stated that stated that he had discussed the need for a trial continuance with Defendant Tefeteller, and Defendant Tefeteller acknowledged that he agreed and did not object to a continuance of the trial date. The Court then addressed Attorney Lutton who stated that he agreed with Attorney McGrath's position. Defendant Landsman acknowledged that he agreed and did not object to a continuance of the trial date. Attorney Brown also stated that he had no objection to a

trial continuance. Defendant Johnson acknowledged that he agreed and did not object to a continuance of the trial date.

Attorney Fanduzz provided an alternative basis for continuing the trial in this matter. Based on his recent appointment in this case, Attorney Fanduzz stated that he was requesting additional time to review discovery and to prepare for trial. Attorney Fanduzz also made an oral motion for additional time to file any new motions after completing his investigation and review of the discovery. Defendant Hill acknowledged that he agreed and did not object to a continuance of the trial date.

The Court finds that the ends of justice served by granting a continuance outweigh the interest of the Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Given that the trial date is less one month away and that Mr. Fanduzz has just entered the case, the Court finds that the failure to grant a continuance would deprive the Defendant of time to prepare for trial with the benefit of conflict-free representation. See 18 U.S.C. § 3161(h)(7)(B)(iv). Mr. Fanduzz will need time to review discovery, to decide whether any pretrial motions are necessary, to meet with witnesses and with the Defendant, and to prepare for trial. If additional motions are filed, the Court will need time to conduct hearings on any pending motions and time, not to exceed thirty days, to rule upon such motions. See 18 U.S.C. § 3161(h)(1)(D) & -(H). Finally, the parties will need time to prepare for trial in light of any such rulings. The Court finds that all of this could not take place before the June 1, 2011 trial date or in less than three months. Thus, without a continuance, counsel would not have the reasonable time necessary to prepare for trial despite his use of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv).

Additionally, excluded from the speedy trial calculation is a "reasonable period of

delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(6).[1] Under this provision, time excludable as to one defendant is excludable to all codefendants. United States v. Holyfield, 802 F.2d 846, 847-48 (6th Cir. 1986). Unlike some periods of delay automatically excluded by the Act, delay caused by joinder with a codefendant must be reasonable. Henderson v. United States, 476 U.S. 321, 327 (1986). In assessing the reasonableness of delay attributed to codefendants, courts should be guided by the policies supporting the enactment of section 3161(h)(6) (formerly 3161(h)(7)):

> The legislative history of this section demonstrates a strong Congressional preference for joint trials and an intention that delays attributable to the joinder of defendants be liberally excluded. Further, the purpose of this section is to insure that the Speedy Trial Act does not alter the present rules governing severance of co-defendants by forcing the government to prosecute the defendants separately or be subject to a speedy trial dismissal motion.

United States v. Monroe, 833 F.2d 95, 100 (6th Cir. 1987) (citations omitted). In other words, Congress expressly favored the goals of efficiency and economy resulting from multi-defendant trials despite the loss of speed that would result from a severance. See id.

In the present case, Defendants Landsman, Johnson, Tefeteller, and Hill are jointly indicted and no motion for severance has been filed. The Court finds that the four-month delay caused by Defendant Williams' need for counsel's adequate trial preparation to be reasonable. Accordingly, this delay is also attributable to Defendants Landsman, Johnson, and Tefeteller. 18 U.S.C. § 3161(h)(6).

---

[1] Section 3161(h)(6) was formerly numbered 18 U.S.C. § 3161(h)(7). Congress renumbered this section, effective October 2008, without changing its language.

Accordingly, the Court finds, and all the parties agreed, that all the time between the **May 19, 2011** hearing and the new trial date of **September 6, 2011**, would be fully excludable for speedy trial purposes.

The Court notes that it previously ruled in part on Defendant Hill's Motion to Continue the Defendant's Pretrial Motion Deadline and Trial Date [Doc. 82] and Defendant Tefeteller's Motion to Extend Pretrial Motion Deadline and Trial Date [Doc. 83], regarding an extension of the motion filing deadline. [See Doc. 85]. In its Order [Doc. 85], the Court extended the Defendants' motion filing deadline to May 17, 2011. Moreover, Defendant Landsman did not indicate during the hearing that his Motion to Adopt [Doc. 88] Defendant Tefeteller's Motion to Extend Pretrial Motion Deadline and Trial Date [Doc. 83] included extending his motion filing deadline, and the Defendant did not advise the Court that he was requesting a new motion filing deadline.

Accordingly, Defendant Hill's Motion to Continue the Defendant's Pretrial Motion Deadline and Trial Date **[Doc. 82]**; Defendant Tefeteller's Motion to Extend Pretrial Motion Deadline and Trial Date **[Doc. 83]**, which Defendant Landsman adopted **[Doc. 88]**, are **GRANTED in part and DENIED in part.** The Defendants' motions are granted only to the extent that the trial of this matter is continued. The Court advises the Defendants that any new pretrial motion or motions must be accompanied by a motion for leave to file the motion out of time.

However, with regard to Attorney Fanduzz's oral motion to extend Defendant Hill's motion filing deadline, the Court finds that the motion is well-taken and is **GRANTED**. Considering Attorney Fanduzz's recent appointment, he will need time to review the discovery in this case and to determine whether any new motions are necessary. The Court sets a new motion-

filing deadline to **June 17, 2011**, **as to Defendant Hill only**. The Government's responses are due on or before **July 1, 2011.**

Finally, the parties are to appear before the undersigned for a pretrial conference on **July 7, 2011, at 1:30 p.m.** This is also the date that any reciprocal discovery is due. The date for completing plea negotiations is **August 16, 2011.** With regard to other scheduling in this case, the Court **ORDERS** that all motions *in limine* must be filed by **August 22, 2011**, and any special requests for jury instructions must be submitted to the District Court by **August 26, 2011**. Special requests for jury instructions must be supported by citations of authority pursuant to Local Rule 7.4.

Accordingly, it is ordered:

(1) Attorney Bradley Henry's Motion to Withdraw as Counsel [**Doc. 86**] is **GRANTED**, and Mr. Henry is permitted to withdraw as the Defendant's counsel of record;

(2) Attorney Joseph Fanduzz is **SUBSTITUTED** and **APPOINTED** under the Criminal Justice Act (CJA) as counsel of record for the Defendant;

(3) Defendant Hill's Motion to Continue the Defendant's Pretrial Motion Deadline and Trial Date **[Doc. 82]**; Defendant Tefeteller's Motion to Extend Pretrial Motion Deadline and Trial Date **[Doc. 83]**, which Defendant Landsman adopted **[Doc. 88]**, are **GRANTED in part and DENIED in part.** The Defendants' motions are granted only to the extent that the trial of this matter is continued;

(4) The trial of this matter is reset to commence on **September 6, 2011, at 9:00 a.m.**, before the Honorable Thomas W. Phillips, United States District Judge;

(5) All time between the **May 19, 2011** hearing and the new trial date of **September 6, 2011**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

7

(6) Defendant Hill's oral motion for an extension of the motion filing deadline is **GRANTED**;

(7) The Court set a new motion-filing deadline of **June 17, 2011, as to Defendant Hill only**;

(8) Responses to motions are due on or before **July 1, 2011**;

(9) A pretrial conference before the undersigned is set for **July 7, 2011, at 1:30 p.m.**  This is also the date that any reciprocal discovery is due;

(10) The deadline for concluding plea negotiations is **August 16, 2011**;

(11) Motions *in limine* must be filed no later than **August 22, 2011**; and

(12) Special requests for jury instructions with appropriate citations shall be submitted to the District Court by **August 26, 2011**.

**IT IS SO ORDERED.**

ENTER:

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge